## BURNS v. McKENZIE et al.

ADMISSION made by one partner, after the dissolution of the partnership, concerning the partnership business, are not competent evidence to charge the other partner.

APPEAL from the Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*R. P. Clement*, for Appellant.

One partner can not, after dissolution of copartnership, bind the other partners by an admission relating to the partnership transactions. (*Gleason* v. *Clark*, 9 Cow. 59; *Baker* v. *Stackpole*, Id. 434 ; *Robbins* v. *Willard*, 6 Pick. 464 ; *Van Keusen* v. *Parmelee*, 2 Comst. 530.)

*Waller & Moore*, for Respondent.

Conceding the dissolution to have taken place at the time these admissions were made, the power of one member to bind the firm does not entirely cease.

A partnership still exists, for the purpose of settling engagements made during its continuance, notwithstanding the decree of dissolution. (*Johnson* v. *Totten*, 3 Cal. 347.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon a promissory note executed to the plaintiff by "McKenzie & Co.," a firm composed of the defendants. Dickinson was defaulted, and McKenzie filed an answer alleging that the note was given by his copartner, Dickinson, for his own individual debt, and the partnership name was signed thereto for the purpose of defrauding him. The case was tried by a jury, who found for the plaintiff, and a judgment was accordingly rendered against both defendants, from which, and from an order refusing a new trial, McKenzie appeals.

On the trial the defendant McKenzie introduced one Moore as a witness, who testified that he first saw the note sued on some two or three days before it fell due, at his office, in the hands of the defendant Dickinson, and that he left it with him to have it presented to McKenzie for payment. On cross-examination the plaintiff asked the witness to state what Dickinson said at the time he left the note, to which the defendant objected that the statements of Dickinson were incompetent testimony against him, but the Court overruled the objection, to which the defendant excepted. The witness then testified that Dickinson stated that the note was made by the firm for money borrowed in the course of its business; that McKenzie should pay it, as he had the proceeds of the property, which he had left in his hands for that purpose. The refusal of the Court to sustain this objection is the first error assigned.

It appears from the pleadings and evidence that the partnership had been dissolved long before this conversation, and the appellant contends that these admissions of his copartner, therefore, are not evidence against him. Under the American decisions the rule is well established that admissions made by one partner, after the dissolution of the partnership, concerning the partnership business, are not competent evidence to charge the other partner, and this rule seems to be founded on the better reason than the contrary, which has been held in a few English cases. (1 Phillips' Evidence, C. H. & E.'s Notes, 498, notes 138, 500; *Clark* v. *Gleason,* 9 Cowen, 57; *Baker* v. *Stackpole,* Id. 420; *Robbins* v. *Willard,*

6 Pick. 464; *Van Keusen* v. *Parmelee*, 2 Comst. 530.)   The respondent, however, insists that these admissions were a part of the *res gestæ*, accompanying the delivery of the note to the witness Moore, and therefore admissible.   There might be some force in this position if this act of delivery had been made for or on behalf of the partnership or his ·copartner, but it was made as the agent of the plaintiff, and in no sense was the act done for the partnership or his copartner.   It was not, therefore, admissible on that ground.

The plaintiff also offered in evidence a paper signed by McKenzie, dated January 19th, 1862, the time of the dissolution of the partnership, in which it was stated that he was to collect the property and debts of McKenzie & Co., retain the sum of $4,577, and of the balance he was to pay to the order of Dickinson one-half, the other half belonging to him, to which the appellant objected that it was irrelevant and immaterial.   The Court overruled the objection, and he excepted.   This action of the Court is also assigned as error. We think this paper was not relevant to the matters in issue between these parties.   There was no controversy as to the fact that McKenzie and Dickinson were partners on the first day of January, 1862, the date of the note, and there was therefore no necessity of proving that fact; and if there had been this paper affords no evidence upon that point.   It was evidently a writing given upon the dissolution, setting forth how matters were to be settled between the partners, a question not in issue in this case. The Court therefore erred in admitting it.

The judgment is reversed and the cause remanded.